■ In the Matter of KRISTIAN CC., a Person Alleged to be in Need of Supervision, Appellant. JOHN SIMONS, as Director of Pupil Personnel Services at Salmon River Central School, Respondent. [805 NYS2d 473]—

Mercure, J.P. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered April 14, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

In response to a petition filed to have her adjudicated a person in need of supervision (hereinafter PINS), respondent admitted certain allegations against her, namely that she had inexcusably missed 30 days of school. Family Court thereafter determined respondent to be a PINS. Following a dispositional hearing, Family Court placed respondent on probation supervision for a period of 12 months and required that she participate in the use of electronic home monitoring. Respondent now appeals on the sole basis that Family Court lacked the authority to impose electronic home monitoring. We disagree.

Within the context of a PINS proceeding, Family Court is empowered to direct that respondent "comply with such . . . reasonable terms and conditions as . . . determine[d] to be necessary or appropriate to ameliorate the conduct which gave rise to the filing of [the] petition" (22 NYCRR 205.66 [a] [14]). The imposition of such a condition reasonably furthered the desired objective of ensuring that respondent complied with the various other probation conditions directed by Family Court and did not continue to engage in the conduct that originally led to her adjudication as a PINS. Accordingly, we will not disturb Family Court's discretionary determination that electronic home monitoring was appropriate here.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.